# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### AUGUST SESSION, 1997



**FILED**

**March 5, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | **C.C.A. NO. 02C01-9607-CC-00235** |
| | ) | |
| Appellee, | ) | |
| | ) | |
| | ) | **DYER COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. STEVEN STAFFORD** |
| **VICTOR COLEMAN,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Direct Appeal)** |

FOR THE APPELLANT:

G. STEPHEN DAVIS
District Public Defender
208 N. Mill Avenue
Dyersburg, TN 38025-0742

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

GEORGIA BLYTHE FELNER
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243

PHILLIP BIVENS
District Attorney General

JAMES E. LANIER
Assistant District Attorney General
P. O. Box E
Dyersburg, TN 38025

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

JERRY L. SMITH, JUDGE

# OPINION

Appellant Victor Coleman was convicted on November 3, 1995 by a jury in the Dyer County Criminal Court of sale of cocaine in an amount less than .5 grams. As a Range I standard offender, Appellant was sentenced to four years incarceration with the Tennessee Department of Correction and fined $2,000.00. In this direct appeal, Appellant presents two issues for our consideration. First, Appellant challenges the sufficiency of the evidence to sustain his conviction, contending that the jury should not have accredited the testimony of paid undercover agents and a police officer who made the drug purchase from Appellant. Second, Appellant claims that the trial court erred by refusing to impose alternative sentencing, i.e., community corrections.

After a review of the record, we affirm the judgment of the trial court pursuant to Court of Criminal Appeals Rule 20.

On May 25, 1995, Johnny Ray, a confidential informant with the Dyersburg Police Department, purchased two rocks of cocaine from Appellant for $40.00. Officer Ernie Roberts sat in his vehicle and listened to the drug transaction via a radio transmitter. Another informant, Michael Fowler, heard and saw the drug transaction from about ten feet away.

Respecting Appellant's challenge to the sufficiency of the convicting evidence, we note that a verdict of guilty by the jury, approved by the trial judge, accredits the testimony of the State's witnesses and resolves all conflicts in the testimony in favor of the State. State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). It was the jury's prerogative to accredit the testimony of the informants and of Officer Roberts, and it obviously did so.

Where the trial court, as here, properly considered all relevant sentencing considerations, this Court reviews sentencing issues de novo with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). Appellant was convicted of sale of cocaine in an amount less than .5 grams, a Class C felony. Tenn. Code Ann. § 39-17-417(c)(2). As a Range I standard offender convicted of a Class C felony, Appellant's statutory sentencing range was three to six years. Tenn. Code Ann. § 40-35-112(a)(3). The trial court sentenced Appellant to four years incarceration with the Tennessee Department of Correction.

Although convicted of a Class C felony, Appellant has committed a serious offense, possesses a criminal history which evinces a "clear disregard for the laws and morals of society," and has manifested his failure to be rehabilitated. Tenn. Code Ann. § 40-35-102(5). Therefore, Appellant is not entitled to the presumption in favor of alternative sentencing. Tenn. Code Ann. § 40-35-102(6). Appellant has a record of extensive criminal activity, including convictions for reckless endangerment, evading arrest, theft of property over $10,000.00, and receiving stolen property. Additionally, [m]easures less restrictive than confinement have frequently [and] recently been applied unsuccessfully" to Appellant. Tenn. Code Ann. § 40-35-103(1)(C). Finally, it appears that Appellant was on probation at the time he committed the instant offense. We conclude that the trial court properly refused to place Appellant into a community corrections program.

Accordingly, we affirm the trial court's judgment pursuant to Court of Criminal Appeals Rule 20.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
DAVID G. HAYES, JUDGE


_____
THOMAS T. WOODALL, JUDGE